SCHAUSTEN v. THE CRIPPLE CREEK GOLD MINES AND
LAND COMPANY.

**Principal and Agent—Contracts—Specific Performance.**

Real estate agents authorized to sell certain lots subject
to the approval of the owner, negotiated a sale to a purchaser
who knew of the limitation upon their power, a payment was
made and the agents executed a receipt therefor containing a
statement of the terms of sale in duplicate. The owner refused
to approve the sale unless a certain condition was inserted, and
interlined the condition in its copy and endorsed its approval on
the amended copy, and returned it to the agents with instruc-
tions to insert the same condition in the copy delivered to the
purchaser. The purchaser refused to sign the amended receipt,
but continued to deposit money in bank as the installments came
due under the original receipt. The owner directed the bank to
return the purchase money, which was declined by the purchaser,
who offered to pay the balance of the purchase price and de-
manded a deed. Held, that there was no contract for the sale of
the lots that would support an action for specific performance.

*Appeal from the District Court of El Paso County.*

Messrs. MORRISON & DESOTO, for appellant.

Messrs. BENEDICT & PHELPS, for appellee.

GUNTER, J.

Appellee owned certain lots in Cripple Creek on
which was situate its office building. The firm of
Simmons & Sowle was its agent for negotiating a
sale of these lots; all sales being subject to the ap-
proval of appellee. Appellant knew, through its
agent, this limitation on the powers of the agent
firm. September 6, 1895, Simmons, of this firm, tele-
phoned Sowle, another member, then in Denver, that
he could sell the lots at a certain price. Sowle so in-
formed appellee, who refused to authorize the con-
tract of sale unless it contained this reservation:
''Said improvements (the office building) to remain
free of rent for a period of eight months from date

hereof unless ground occupied by same is required for immediate permanent improvements, in which event said party of the first part (appellee) is to have sixty days notice to remove building.'' This was at once communicated to Simmons at Cripple Creek. A letter from Simmons & Sowle, of September 7, followed, advising appellee of the sale of the lots.

September 9 appellee wrote that it could not approve the sale until it had seen a copy of the receipt given the purchaser, referring to the receipt issued September 6 by the above firm to appellant containing the terms of the contract of sale. This had been draughted in duplicate and left, at the time of execution by Simmons & Sowle, in the hands of Mr. Babbitt, attorney for appellant, for transmission to her for execution, she then residing in Denver.

This requested instrument did not reach appellee until October 12; it understood at the time that the delay was due to securing the signature of Mrs. Schausten. On examination of the receipt the reservation hereinabove mentioned was not present. October 15 appellee returned it to Messrs. Simmons & Sowle with an interlineation of the reservation and instructed this firm ''To insert the same clause in the other copy of the contract and take it up by delivering this copy and then return the other to us.''

Upon the copy thus sent Simmons & Sowle, after so amended, appellee had endorsed its approval. Sowle returned from Denver to Cripple Creek, and within about four days after the date of the original receipt or contract informed Mr. McRobbie, the agent of appellant throughout this transaction, that appellee would not approve the contract in its then form, and that the $100.00 paid into bank as preliminary upon the contract was subject to his order. Mr. Babbitt, the attorney of Mrs. Schausten in this matter, was also informed about the same time that appellee would

not approve the contract. During the next two and a half months there were several conferences between Sowle and McRobbie whereby appellant knew, through her agent McRobbie, that appellee had not approved, and would not approve, the contract without its containing the above reservation.

October 10 a second payment, according to the terms of the contract of September 6, was made by appellant into bank at Cripple Creek to the credit of appellee. November 16 appellee was advised by letter from Simmons & Sowle that appellant wanted possession of the lots and that appellee would have to move by December 10 its office building. It will be remembered that October 15 appellee had amended the contract issued by Simmons & Sowle by inserting therein the above mentioned reservation, returned it to this firm as so amended with its approval thereon. This amended contract was never executed by appellant. Appellee and appellant had never as yet agreed upon a contract. By its letters of November 18 appellee advised appellant that all negotiations were at an end; ordered the bank in which appellant had made three payments, pending above negotiations, to return the same to her. These she declined, and continued to tender payments according to the terms of the contract until November 10, 1896, when she offered to pay the remainder of the purchase price, and demanded a deed. This was refused, hence this suit for specific performance, and this appeal from a judgment adverse to her.

Trial below was to the court.

From the foregoing statement it appears that when the original contract, the one here sued on, was executed by Simmons & Sowle, and the preliminary payment made, that Simmons & Sowle had no authority to make the alleged contract, and that appellant, through its agent, then knew of such absence of

authority. The extent of the power of this agent firm was to negotiate a sale, and submit it for approval to appellee. Within a few days after the date of the original contract appellant knew that the proposed terms of sale had been rejected by appellee, and that the preliminary payment was subject to her order. With this· knowledge she made her second payment, October 10, into bank to credit of appellee. With this knowledge, emphasized by the subsequent demands of Sowle for a surrender of the contract and his remonstrance against appellant placing building material on the lot, the construction of a small frame house on the lot was begun. The negotiations were terminated by appellee's letters of November 18, declaring them at an end and instructing the bank to pay to appellant the $300.00 there placed to its credit during negotiations.

It is clear that appellee did not, by previous authority, authorize the contract sued on; that it has in no manner ratified the same. Further, no matter in estoppel appears precluding the denial of the contract by appellee.

The judgment of the lower court so holding is affirmed.    *Affirmed.*